UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:12-cr-0133-SEB-TAB-35 |
| | ) | |
| MICHAEL HENSON, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on November 24, 2015, the Supplemental Petition dated December 4, 2015, and the Second Supplemental Petition dated January 11, 2016, (collectively, "Petitions") and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on January 14, 2016, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On January 14, 2016, defendant Michael Henson appeared in person with his retained counsel, Harold Samuel Ansell. The government appeared by Barry Glickman, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Chris Dougherty, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The court advised Mr. Henson of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.  The court asked Mr. Henson questions to ensure that he had the ability to understand the proceedings and his rights.

2.      Copies of the Petitions were provided to Mr. Henson and his counsel, who informed the court they had reviewed the Petitions and that Mr. Henson understood the violations alleged.  Mr. Henson waived further reading of the Petitions.

3.      The court advised Mr. Henson of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petitions. Mr. Henson was advised of the rights he would have at a preliminary hearing.  Mr. Henson stated that he wished to waive his right to a preliminary hearing.

4.      Mr. Henson stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petitions.  Mr. Henson executed a written waiver of the preliminary hearing, which the court accepted.

5.      The court advised Mr. Henson of his right to a hearing on the Petitions and of his rights in connection with a hearing.  The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against his unless the court determined that the interests of justice did not require a witness to appear.

6.      Mr. Henson, by counsel, stipulated that he committed Violation Numbers  3 and 4 (as modified) set forth in the Petitions as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 3 | **"The defendant shall reside for a period of 5 months at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."** |

The offender began his term of supervised on September 11, 2015, and was admitted to Volunteers of America on the same date.  On October 2, 2015, the offender was taken into custody by the Marion County Courts regarding two pending probation violation petitions for Attempted Murder and Prisoner in Possession of a Dangerous Device, and he was released on October 18, 2015.

When he returned to Volunteers of America on October 18, 2015, he was caught trying to smuggle a smart phone into the facility under the sole of a work boot.  On November 17, 2015, the offender was searched upon entering the facility and the correctional officer discovered a bottle of prescription pills, approximately 12 Gabapentin pills, located in the offender's girlfriend, Jakie Dold.  The offender claimed the pills were mistakenly brought into the facility.  The pills were returned to the offender's, who was present in the lobby of the facility.

| 4 | **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."** |

On December 7, 2015, staff at Volunteers of America witnessed Michael Henson and VOA resident Roxanne Frakes having physical contact ("hugged up") in the stairwell of the facility.  On December 9, 2015, a cell phone was found hidden in the groin area of Roxanne Frakes and was confiscated.  The cell phone contained many images of Michael Henson, including images of videos of he and Ms. Frakes posing, embracing, and kissing, in Volunteers of America.  The test messages found on the phone indicated the offender and Ms. Frakes were in an intimate relationship.  The series of text messages indicated the offender was providing Neurontin pills to Ms. Frakes at a cost of $3 per pill.  These were the same type of pills (Gabapentin which is generic for Neurontin) that the offender attempted to bring into the facility on November 17, 2015.  The two offenders also exchanged information about which correctional officers were working at certain locations in the facility and what types of searches or pat downs were being conducted to search for contraband in the facility.

7.      The Government orally moved to dismiss violations 1, 2, and 3a and the Court granted the same.

8.      The Court placed Mr. **Henson** under oath and directly inquired of Mr. **Henson** whether he admitted the allegations of violations 3 and 4 (as modified) of his supervised release set forth above.  Mr. **Henson** admitted the violations as set forth above.

9.      The parties and the USPO further stipulated that:

     (a)      The highest grade of Violation (Violation 1) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

     (b)      Mr. Henson's criminal history category is IV.

     (c)      The range of imprisonment applicable upon revocation of Mr. Henson's supervised release, therefore, is 6 -12 months' imprisonment.  (*See* U.S.S.G. § 7B1.4(a).)

10.      The parties jointly recommended to the Court a modification to Mr. Henson's conditions of supervised release to include searches, GPS monitoring, mental health treatment, and substance abuse treatment.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the joint recommendation of the parties and the USPO, **NOW FINDS** that the defendant, MICHAEL HENSON, violated the above-specified conditions in the Petitions and that his supervised release should be and therefore is **MODIFIED**, to include the following conditions:

a.      The defendant shall submit to the search of his/her person, vehicle, office/business, residence, and property, including computer systems and Internet-enabled devices, whenever the probation officer has reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving the defendant.  Other law enforcement may assist as necessary.

The defendant shall submit to the seizure of any contraband that is found and should forewarn other occupants or users that the property may be subject to being searched.

b.   The defendant shall be monitored by Global Posititioning (GPS) Monitoring for a period of up to the duration of the defendant's term of supervised release, which is now due to expire on September 10, 2016, to commence as soon as possible, and shall abide by all technology requirements.  The defendant shall pay all costs of participation in the program as directed by the court or probation officer.  This form of location monitoring technology shall be utilized to monitor the following restriction on the defendant's movement in the community as well as other court-imposed conditions of release: the defendant shall be restricted to her residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court-ordered obligations; or other activities as pre-approved by the probation officer.

c.   The defendant shall participate in a program of mental health treatment, as directed by the probation officer.

d.   The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month.  The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program.  The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment in accordance with his ability to pay.

These added conditions of supervision will aid the probation officer in effectively supervising the offender within the community.  Drug treatment and testing are needed as the

offender's history and actions while on supervision illustrate the need for substance abuse testing and counseling.  The Location Monitoring condition will serve as a sanction for the offender's non-compliance and allow the probation officer to better track his movements within the community.  The Search condition is warranted based on the offender's past history and non-compliance while on supervision.  The mental health condition is added as the defendant requested this condition.

Counsel for the parties and Mr. Henson stipulated in open court waiver of the following:

1.  Notice of the filing of the Magistrate Judge=s Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Henson entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above outlined recommendations modifying Mr. Henson's supervised release with all other terms of supervised release to remain pending the district court's action on this Report and Recommendation.  Mr. Henson is released on the terms of supervised release.

IT IS SO RECOMMENDED.


Date:  February 5, 2016

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana




Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal