UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Cause No. 1:12-cr-0133-SEB-TAB |
| MICHAEL HENSON, | ) | - 35 |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On December 20 and 22, 2017, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on August 11, 2016. Defendant Henson appeared in person with his appointed counsel Joseph Cleary and retained counsel Sam Ansell. The government appeared by Michelle Brady and Barry Glickman, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Chris Dougherty.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Henson of his rights and provided him with a copy of the petition. Defendant Henson orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Henson admitted violations 1, 2, 3, 4, and 5. [Docket No. 1730.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |

Michael Henson was arrested and charged with Operating a Vehicle While Intoxicated, A misdemeanor, on June 14, 2016. This case is pending in Jackson County Superior Court, under cause number 36D011606CM-630, and set for trial on September 1, 2016. Mr. Henson was pulled over by an officer of the Brownstown, Indiana, Police Department for speeding. The officer could smell an alcoholic beverage on the offender's breath and observed an open bottle of an alcoholic beverage container near the vehicle's passenger door. The offender failed a field sobriety test and tested .147 BAC. The offender admitted to this officer that he was drinking alcohol prior to his arrest for this offense.

2  **"The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use or distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**

As noted above, the offender was arrested and charged with Operating a Vehicle While Intoxicated and admitted to the probation officer of drinking alcohol prior to the arrest.

3  **"The defendant shall not possess a controlled substance. The defendant shall refrain from unlawful use of a controlled substance."**

On July 11, 2016, the offender submitted a urine screen which tested positive for methamphetamine. The offender initially lied when questioned regarding this positive drug test, and claimed he took an Adderall pill given to him by a neighbor, he later admitted his use of methamphetamine. The offender admitted to this probation officer that he snorted methamphetamine on at least three to four occasions before and after July 11, 2016. On August 1, 2016, the offender submitted a positive test for methamphetamine at Centerstone, his substance abuse treatment center in Columbus, Indiana.

4  **"The defendant shall be monitored by the BI SL2 (alcohol monitoring device) for a period of up to 120 days, to commence as soon as practical, and shall abide by all the technology requirements. You shall pay all of the costs of participation in the program, in accordance with your ability to pay."**

On July 13, 2016, the offender was placed on SoberLink, an alcohol monitoring program, after he incurred a driving Under the Influence arrest in Jackson County, Indiana. On July 30, 2016, the offender failed to take a random breathalyzer test at 8:00 a.m. When questioned, the offender reported he turned off his cell phone, which provided his test notifications, as he was sleeping and did not want to be disturbed.

5   **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participant in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment in accordance with his ability to pay."**

The offender failed to appear for two random urine drug screens on March 23, 2016, and on June 14, 2016. The offender submitted two dilute urine screens on March 5, 2016 and on July 11, 2016.

4. The parties stipulated that:

   (a)   The highest grade of violation is a Grade B violation.

   (b)   Defendant's criminal history category is IV.

   (c)   The range of imprisonment applicable upon revocation of supervised release, therefore, is 12 to 18 months' imprisonment.

5. Government recommended a sentence of twelve (12) months with no supervised release to follow. Defendant recommended four (4) years on home detention that was ordered on his state case and hold these violations in abeyance.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Date: 12/27/2017

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system